**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHELSEY NICOLE LANDRY** | * | **CIVIL ACTION NO.:** |
| **individually and on** | * | |
| **behalf of her minor daughter L.T., and** | * | **SECTION:** |
| **DWAYNE NATHANIEL TONEY,** | * | |
| | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | |
| **THE ST. TAMMANY PARISH** | * | |
| **SCHOOL BOARD, FRANK J.** | * | |
| **JABBIA, IN HIS CAPACITY AS** | * | |
| **SUPERINTENDENT OF ST.** | * | |
| **TAMMANY PARISH SCHOOL** | * | |
| **BOARD, JAMES BRAUD, IN HIS** | * | |
| **CAPACITY AS PRESIDENT OF** | * | |
| **ST. TAMMANY PARISH PUBLIC** | * | |
| **SCHOOLS, LAURYN FACIANE,** | * | |
| **IN HER CAPACITY AS PRINCIPAL** | * | |
| **OF E.E. LYON ELEMENTARY** | * | |
| **SCHOOL, LAURA BRENCKLE &** | * | |
| **CATHERINE MUMPHREY** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*

**COMPLAINT**

**NOW INTO COURT**, though undersigned counsel, come Plaintiffs, Chelsey Nicole Landry and Dwayne Nathaniel Toney, individually and on behalf of their minor daughter, L.T. (hereinafter "Plaintiffs"), who submit this Complaint, and respectfully represent as follows:

**PARTIES**

1.

The following parties are named Plaintiffs:

a) Chelsey Nicole Landry and Dwayne Nathaniel Toney, individually and on behalf of their minor daughter, L.T., adult citizens of the State of Louisiana, residing and

domiciled in the Parish of St. Tammany, State of Louisiana, and the biological parents' and custodian of their minor daughter, L.T.

2.

The following parties are named Defendants:

a) The St. Tammany Parish School Board (hereinafter "STPSB"), upon information and belief, a duly authorized branch of government authorized to do and doing business in St. Tammany Parish;

b) Frank J. Jabbia (hereinafter "Jabbia"), upon information and belief, an adult citizen of the State of Louisiana, residing and domiciled within the Parish of St. Tammany, State of Louisiana, who was and is the Superintendent of the St. Tammany Parish School Board. Jabbia is sued in his official capacity as the Superintendent of the St. Tammany School Board;

c) James Braud, (hereinafter "Braud"), upon information and belief, an adult citizen of the State of Louisiana, residing and domiciled within the Parish of St. Tammany, State of Louisiana, who was and is President of St. Tammany Parish Public Schools. Braud is sued in his official capacity as the President of the St. Tammany Parish Public Schools;

d) Lauren Faciane, (hereinafter "Faciane"), upon information and belief, an adult citizen of the State of Louisiana, residing and domiciled within St. Tammany Parish, State of Louisiana, who was and is the acting Principal of E.E. Lyon Elementary School located in St. Tammany Parish;

e) Laren Brenckle, (hereinafter "Brenckle"), upon information and belief, an adult citizen of the State of Louisiana, residing and domiciled within St. Tammany Parish, State of

Case 2:24-cv-02096-DJP-JVM   Document 1   Filed 08/26/24   Page 3 of 17

Louisiana, who was a teacher at E.E. Lyon Elementary School located in St. Tammany Parish; and

f) Catherine Mumphrey, (hereinafter "Mumphrey"), upon information and belief, an adult citizen of the State of Louisiana, residing and domiciled within St. Tammany Parish, State of Louisiana, who was a paraprofessional at E.E. Lyon Elementary School located in St. Tammany Parish.

## JURISDICTION

3.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1342 for L.T.'s claims arising under federal law. This Court also has subject matter jurisdiction over L.T.'s state law claims as they arise from the same operative facts that give rise to the federal claims.

## VENUE

4.

Venue is proper in this Honorable Court pursuant 28 U.S.C. § 1391(b) because Defendant STPSB resides within the jurisdiction of this District and a substantial part of the events that give rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

5.

At the time of the subject incident, L.T., the minor child and victim hereto, was four years old. L.T., prior to the subject incident, was medically diagnosed with speech development disorder.

6.

At all pertinent times hereto L.T. was a student at E.E. Lyon Elementary School, located at 1615 N. Florida Street, Covington, Louisiana 70433, within the Parish of St. Tammany.

7.

The Defendant, the School Board, was charged with the responsibility of the management, operation and control of all St. Tammany Parish public schools, including E.E. Lyon Elementary School.

8.

L.T. has a qualifying disability and has received Social Security Disability benefits since birth.

9.

L.T. attended EE Lyon Elementary School, which is operated by STPSB.

10.

Upon information and belief, Defendant STPSB hired Murphy and Brenckle as employees and/or contractors.

11.

Upon information and belief, STPSB performs—or knows it should perform—background checks of its employees and contractors.

12.

Upon information and belief, Brenckle and Mumphrey targeted L.T. on account of her disability and attendant vulnerability.

13.

Upon information and belief, Brenckle and Mumphrey targeted L.T. on account of her disability-related limitations, including limitations in speaking, expressing herself, and in communicating.

14.

As a result of the abuse, L.T. has now suffered grave emotional distress. She is terrified of attending school and much less outgoing than prior to the abuse.

15.

On or about September 26, 2014, the School Board adopted a federally mandated Individual Education Program (hereinafter "IEP") and/or Positive Behavior Intervention Plan (hereinafter "PBIP") and recognized that L.T. was a disabled student requiring special education under federal and state law. The IEP and/or PBIP was revised on May 22, 2017. The School Board did not, at any time prior to the subject incident, meet with the Plaintiffs to review or discuss the revised IEP and/or PBIP for L.T.

16.

Under federal and state law, L.T. has a vested right to a free and appropriate education in the least restrictive environment. The School Board, through its IEP and/or PBIP team, determined that the most appropriate and best environment for L.T. was a special needs school setting with paraprofessional support. L.T. began attending the special education classroom setting full-time in August 2023.

17.

On May 9, 2024, L.T.'s mother, Chelsey Landry, witnessed L.T.'s teacher, Defendant, Catherine Mumphrey, snatch L.T. by her arm in the school pickup line. Thereafter, her mother noticed a bruise on her arm.

18.

On May 22, 2024, L.T. was at school and began to exhibit behaviors anticipated by and planned for pursuant to the IEP and/or PBIP.  According to the School Board's teachers, these behaviors included hitting, kicking, spitting, refusing to move, elopement, and non-compliant task refusal behaviors. In response to this behavior, the School Board's teachers should have been trained and prepared to handle these behaviors. Instead, the Defendants, Brenckle and Mumphrey decided to snatch L.T. out of a chair, with each Defendant grabbing one of her arms, and proceeded to drag her across the room.  This incident left a large bruise on L.T.'s arm.

19.

Ms. Landry thereafter reported the bruise to the school and a videotape was reviewed by the Covington Police Department.

20.

After reviewing the videotape, the police arrested both Brenckle and Mumphrey, and charged them both with cruelty to a juvenile.

21.

At no point during this attack did any of the School Board's teachers step in and try to protect their minor student.  Instead, upon information and belief, they watched and allowed the Defendants to batter their minor student.

22.

Parts of this encounter and attack are captured and evidenced on the school's video surveillance system.

23.

L.T.'s disability and attendant speech impairments allowed the Defendants to abuse L.T. with ease and without fear of consequences.

24.

Upon information and belief, this is not the first incident of battery by a School Board Teacher involving L.T.

25.

Upon information and belief, Brenckle was previously charged with cruelty to a juvenile prior to being hired by St. Tammany Parish School Board.

26.

The video capturing the May 22, 2024, battery of L.T. is also believed to capture the abuse of another special needs child in the same classroom on the same date.

27.

As a result of the abuse, L.T. is terrified of school and because she cannot return to school, her father, Dwayne Toney, was forced to quit his job to stay home with L.T. and care for her.

**CAUSE OF ACTION: VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT**
**(As to Defendant STPSB)**

28.

The Plaintiffs herein adopt, re-allege, re-aver, and re-assert the facts and allegations set forth in the above paragraphs as if set forth herein *in extenso*, and specifically request that the Court exercise its supplemental jurisdiction over all state law claims.

29.

At all times relevant to this action, Title II of the ADA, 42 U.S.C. § 12131, *et seq*. has been in full force and effect and has applied to the STPSB's conduct.

30.

At all times relevant to this action, the U.S. Department of Justice regulations implementing Title II of the ADA, 28 C.F.R. Part 35, have been in full force and effect and have applied to the Defendants' conduct.

31.

At all times relevant to this action, L.T. has been substantially limited in several major life activities, and as such is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

32.

Defendants are operating a program, service, or activity under Title II of the ADA.

33.

Title II of the ADA prohibits subjecting an individual with disabilities to differential treatment on account of their disability.

34.

Here, upon information and belief, the Defendants, individually and as agents or employees of Defendant STPSB, treated L.T. differently (and considerably much worse) on account of her disability. Specifically, Defendants Brenckle and Mumphrey, physically abused and targeted L.T., in lieu of non-disabled individuals, because of her disability and the remaining Defendants allowed such conduct.

35.

Instead of treating L.T. equal to non-disabled students, Brenckle and Mumphrey physically abused L.T.

36.

The Defendants Brenckle and Mumphrey, together with the remaining Defendants allowed for, and selected L.T. for abuse. This constitutes disparate treatment discrimination.

37.

Defendant STPSB is responsible for the conduct of its employees under the theory of *respondeat superior*.

38.

Upon information and belief, as a result of the discrimination set forth above, L.T. has suffered the following damages:

    a) Physical abuse including assault and battery;

    b) Harassment;

    c) Invasion of privacy through the unwanted touching of L.T.'s body;

    d) Pain and suffering;

e) Breach of her rights as set forth in any Student Rights handbooks, policy manuals, or other documents published by the STPSB; and

f) Invasion of her civil rights.

39.

Plaintiffs demand recovery of damages in this matter.

40.

Plaintiffs have retained the undersigned counsel and are entitled to recover reasonable attorneys' fees, costs and litigation expenses from STPSB pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

**CAUSE OF ACTION: VIOLATION OF THE REHABILITATION ACT**
**(As to Defendant STPSB)**

41.

The Plaintiffs herein adopt, re-allege, re-aver, and re-assert the facts and allegations set forth in the above paragraphs as if set forth herein *in extenso*, and specifically request that the Court exercise its supplemental jurisdiction over all state law claims.

42.

Plaintiffs bring this claim against Defendant STPSB, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq*. (hereinafter, at time, "RA.")

43.

The Rehabilitation Act provides that:

No otherwise qualified individuals with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.  29 U.S.C. § 794(a).

44.

Upon information and belief, as set forth herein, Defendant STPSB has, through its employees/agents, violated the Rehabilitation Act by intentionally subjecting L.T. to considerably worse terms and conditions of enrollment than non-disabled students.

45.

Under the law, if Defendant STPSB violated the ADA, then it also violated the RA.

46.

Upon information and belief, Defendant STPSB is the recipient of federal funds.

47.

Upon information and belief, as the recipient of federal funds, Defendant STPSB is liable for damages to Plaintiffs as a result of its acts and omissions constituting intentional discrimination.

48.

Defendant STPSB had knowledge of L.T.'s disability and limitations.

49.

Defendant STPSB intentionally discriminated against L.T. by treating her differently on account of her disability.

50.

Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from Defendant STPSB pursuant to 29 U.S.C. §794(b).

51.

Plaintiffs seeks damages for the injuries and invasion of rights L.T. suffered.

## CAUSE OF ACTION: VIOLATIONS OF THE LOUISIANA HUMAN RIGHTS ACT

52.

The Plaintiffs herein adopt, re-allege, re-aver, and re-assert the facts and allegations set forth in the above paragraphs as if set forth herein *in extenso*, and specifically request that the Court exercise its supplemental jurisdiction over all state law claims.

53.

At all times relevant to this action, the Louisiana Commission on Human Rights, and La. R.S. § 51:2231 *et. seq*., (hereafter "LCHR") has been in full force and effect and has applied the conduct of Defendants.

54.

At all times relevant to this action, L.T. has experienced substantial limitations to several major life activities, as discussed above, and has been an individual with a disability within the meaning of La. R.S. § 51:2232(3)(a).

55.

At all times relevant to this action, E.E. Lyon Elementary School was a place of public accommodation, resort, or amusement as defined by La. R.S. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

56.

The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." La. R.S. § 51:2247.

57.

The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. La. R.S. § 51:2264.

58.

Defendants discriminated against L.T., on the basis of disability, in violation of La. R.S. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered to non-disabled participations, for the same reason discussed above.

59.

L.T., through Ms. Landry and Mr. Toney, deems herself injured by Defendants' discrimination and sues under the LCHR to recover compensatory damages for the injuries and losses she sustained as a result of Defendants' discriminatory conduct as alleged herein above.

60.

Plaintiffs are further entitled to an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, La. R.S. § 51:2264.

**NEGLIGENCE (DIRECT AND SUPERVISORY)**

61.

The Plaintiffs herein adopt, re-allege, re-aver, and re-assert the facts and allegations set forth in the above paragraphs as if set forth herein *in extenso*, and specifically request that the Court exercise its supplemental jurisdiction over all state law claims.

62.

Defendants had a duty to avoid causing L.T. harm.

63.

Defendant STPSB had a duty to perform background checks on employees and contractors.

64.

Defendant STPSB had a duty to assess employee performance.

65.

Defendant STPSB had a duty to properly train and supervise its employees.

66.

Defendant STPSB had a duty to ensure that its employees were trained in how to handle and manage individuals with disabilities.

67.

Defendants had a duty not to engage in physical abuse with minors.

68.

Defendants had a duty not to harm minors under their care. In fact, their job was to protect the special needs minors who were under their care.

69.

As evidenced above, Defendants failed in one or more of their duties and breached their duties to L.T.

70.

Moreover, pursuant to the doctrine of *respondeant superior*, Defendant STPSB is responsible for the actions of its employees taken during their employment.

71.

The individual Defendants were at all relevant times employees and/or agents of the STPSB when L.T. was abused.

72.

Defendants failed in their obligations to only engage in appropriate contact with students.

73.

Defendants failed in their obligations to avoid discriminating against students with disabilities.

74.

Additionally, the Defendants, Brenckle and Mumphrey, committed intentional torts of battery and assault, and intentionally inflicting emotional distress upon L.T.

75.

By and through their breaches, Defendants were the legal and proximate cause of harm to L.T., namely, the injuries and damages discussed above.

76.

But for the breaches of their duties, L.T. would not have experienced the harm and damages at issue.

77.

Therefore, L.T. is entitled to compensatory damages for the harm suffered by Defendants' conduct and abuse.

78.

Because these Defendants acted willfully and wantonly, these Defendants are further liable to the Plaintiffs for punitive damages and attorneys' fees.

79.

Such acts being in violation of the laws of the State of Louisiana and the Ordinances of the Parish of St. Tammany, which are specifically plead as if copied *in extenso*.

80.

As a result of the injuries sustained by L.T., Complainant, Dwayne Toney, was forced to quit his job to care for his minor child and is therefore entitled to damages for past, present, and future lost earnings.

81.

As a direct and proximate result of Defendants acts and omissions, Plaintiffs are entitled to receive all damages as are reasonable in the premises, including but not limited to:

a) Past medical expenses;

b) Future medical expenses;

c) Past physical pain and suffering;

d) Past mental pain and suffering;

e) Future mental pain and suffering;

f) Past loss of enjoyment of life;

g) Future loss of enjoyment of life;

h) Past, present and future loss of earnings; and

i) Other damages which may be proven at trial.

82.

Plaintiffs herein are therefore entitled to damages in an amount to be proven at trial for the injuries set forth above.

**REQUEST JURY TRIAL**

81.

The Plaintiffs hereby request a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiffs hereby request that the above-named Defendants be cited to appear and answer herein, and upon final hearing by jury, the Plaintiffs have judgment against all Defendants for their actual damages, exemplary damages, punitive damages, attorney's fees, costs of court, interest on all amounts, at the highest rates and from the earliest dates allowed by law, and such other and further relief at law or in equity to which it may show itself to be justly entitled.

Respectfully submitted,

**CHEHARDY, SHERMAN, WILLIAMS, RECILE, & HAYES, L.L.P.**


*/s/ Anna M. Singleton*
GEORGE B. RECILE (#11414)
WALTER R. WOODRUFF (#25305)
ANNA M. SINGLETON (#40050)
One Galleria Blvd., Suite 1100, Metairie, LA 70001
P. O. Box 931, Metairie, LA 70004-0931
Telephone: (504) 833-5600
Fax: (504) 833-8080
Email: gbr@chehardy.com;
wwoodruff@chehardy.com;
asingleton@chehardy.com
*Attorneys for Plaintiffs*